IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW DALE BLANKENSHIP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. CIV-17-786-M |
| v. | ) | |
| | ) | |
| JOE M. ALLBAUGH, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, an Oklahoma prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the execution of his sentence, alleging that state officials have erroneously calculated his sentence credits. Respondent has moved to dismiss the action on the ground that Petitioner has not exhausted available administrative remedies. Although advised of his opportunity to respond to the Motion to Dismiss, Petitioner has neither responded to the Motion to Dismiss nor sought an extension of time to do so. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice.

Petitioner is currently confined at the Davis Correctional Facility in Holdenville, Oklahoma. On August 22, 2016, Petitioner appeared in the District Court of Cleveland

1

County, Oklahoma, with his attorney in State of Oklahoma v. Matthew Dale Blankenship, Case No. CF-2011-1696, and confessed the prosecution's Motion to Revoke his previously-entered five-year suspended sentence. In this revocation proceeding, the state district court revoked Petitioner's suspended sentence in full and ordered Petitioner to serve a five-year term of imprisonment with credit for time served. The court also ordered that state correctional officials calculate Petitioner's revocation sentence as if it began on March 20, 2016, explaining that this date "was his court date [and] federal officials wouldn't release him/give him to Oklahoma officials." Petition (Doc. # 1), Ex. 2 (Judgment and Sentence on Revocation of Suspended Sentence).

In order to clarify this Judgment, the district court subsequently entered an Order to Amend Judgement [and] Sentence in the criminal case on February 15, 2017. In this Order, the court directed that Petitioner receive credit toward his revocation sentence "for the time period between March 30, 2015 to August 22, 2016, as if he was actually sentenced on March 30, 2015 and receiving credits for those days as a Department of Corrections inmate (not just day for day credits as a Cleveland County Sheriff's Department inmate)." Petition (Doc. # 1), Ex. 1.

Petitioner now seeks federal habeas relief. In his Petition, Petitioner contends that the Oklahoma Department of Corrections ("ODOC") is refusing to comply with the state court's orders and credit his revocation sentence with the credits to be awarded as if he was sentenced in the revocation proceeding on March 30, 2015.

Respondent contends that Petitioner has not exhausted his available administrative and state judicial remedies. Therefore, Respondent moves for dismissal of the habeas action on the basis of failure to exhaust administrative remedies.[1]

In support of the Motion to Dismiss, Respondent has provided documentary evidence showing that ODOC has an established administrative grievance procedure, which requires an inmate to complete a four-step remedial process. Motion to Dismiss (Doc. # 7), Ex. 4. This administrative grievance procedure includes "Records/Sentence Administration" as a category for prisoners' administrative grievances. Id., Ex. 4, at 6 (OP-090124, "Inmate/Offender Grievance Process," OP-090124 (IV)(A)(9)). Respondent has also provided an affidavit of ODOC Administrative Review Specialist Collins, who avers that, based on a review of ODOC's administrative grievance records, Petitioner did not file a grievance or an appeal of a grievance decision concerning the calculation of his sentence. Id., Ex. 5.

Petitioner does not describe in the Petition any effort to exhaust administrative remedies within ODOC concerning his claim. Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under 28 U.S.C. § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th

---

[1] Respondent summarily argues that Petitioner has also failed to exhaust available state judicial remedies. However, this argument is not supported with relevant authority, and it is therefore not discussed herein.

Cir. 2010); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or §2254."). The exhaustion requirement extends to both administrative and state court remedies. Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Uncontroverted documentary evidence reflects that Petitioner has not exhausted available administrative remedies concerning his sentence calculation claim raised in the Petition. Because Petitioner has not exhausted available administrative remedies concerning the claim asserted in the Petition, the cause of action should be dismissed without prejudice on this basis.[2]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ

---

[2] In any event, Petitioner's Consolidated Record Card, a copy of which is attached to Respondent's Motion to Dismiss, reflects that Petitioner's sentence has been calculated with the additional credits as directed by the state court in the Order to Amend Judgement [and] Sentence entered in State of Oklahoma v. Matthew Dale Blankenship, Case No. CF-2011-1696. See Respondent's Motion to Dismiss (Doc. # 7), att. 2.

of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice due to Petitioner's failure to exhaust available administrative remedies. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by October 18th, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 28th day of September , 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE